# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 5:17-CR-029 (LAG) |
| | : | |
| RAYMOND F. WILLIAMS, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER

Before the Court is Defendant Raymond F. Williams's Emergency Motion for Release Pending Appeal With Report Date of April 3, 2019 (Motion) (Docs. 118, 119). Therein, Defendant moves this Court, pursuant to Fed. R. App. P. 9(b) and 18 U.S.C. §§ 3143(c), 3145(c), to permit his release pending his appeal of his criminal sentence. (*Id.*) For the reasons provided below, the Motion is **DENIED**.

## BACKGROUND

Defendant, along with Defendants U.S. Technology Corporation (UST), U.S. Technology Aerospace Engineering Corporation (USTAE), and Larry Toth, was charged in an eighty-five-count indictment. (Doc. 1.) Defendant was charged with one count of Conspiracy to Bribe a Public Official, 18 U.S.C. §§ 201(b), 371–72; eighty-three counts of Bribery of a Public Official, 18 U.S.C. §§ 201(b)(1)(A), (b)(2); and one count of Conspiracy to Launder the Proceeds of Unlawful Activity, 18 U.S.C. §§ 1956(a)(1)(B)(i), (h). (*Id.*) On March 14, 2018, pursuant to a plea agreement with the Government, Defendant pleaded guilty to count one of the indictment in full satisfaction of the other counts against him. (Docs. 60, 61.) Defendant was sentenced on January 8, 2019, and judgment was entered on February 25, 2019. (Docs. 95, 104.) On January 15, 2019, prior to judgment being entered, Defendant filed a Motion to Clarify and Amend the Court's Sentence, which the Court denied as premature since judgment had not been entered yet. (Docs. 101, 103.) The Court further explained that

the motion would have been denied on the merits even if it were timely. (Doc. 103.) On March 11, 2019, Defendant filed his notice of appeal challenging his sentence. (Doc. 112.) On March 21, 2019, Defendant filed this Emergency Motion seeking his release while his appeal is pending. (Docs. 118, 119.) The Government responded on March 25, 2019. (Doc. 120.) The Motion is thus ripe for review. M.D. Ga. L.R. 7.3.1(A).

## DISCUSSION

Defendant seeks his release during the pendency of his appeal of this Court's sentencing decision. Pursuant to 18 U.S.C. § 3143(b), the Court "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained . . . ." The Court may, however, order a defendant's release pending appeal if the Court finds "by clear and convincing evidence" that (1) "the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ;" and (2) "the appeal is not for the purpose of delay and raises a substantial question of law or fact" likely resulting in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. *Id.* "[A] 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous." *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985) (per curiam). "It is a 'close' question or one that very well could be decided the other way." *Id.* "Whether a question is 'substantial' must be determined on a case-by-case basis." *Id.* If the Court finds that aforementioned elements are met, then it "shall order the release of the [defendant] . . . ." 18 U.S.C. § 3143(b).

While Defendant may not be a flight risk or a danger to the community, he has not shown that his appeal raises a substantial question of law or fact. There is no question that Defendant's appeal will not result in a reversal or new trial, as Defendant pleaded guilty pursuant a plea agreement. Defendant primarily challenges his restitution amount, but even a successful challenge to his restitution amount would not reduce his term of imprisonment. Defendant's only arguable basis for claiming a sentence reduction is his objection to a two-point increase in his criminal history calculation. This argument fails, because without the

increase, Defendant's sentence of sixty months would still be lower than the readjusted advisory guideline range of eighty-seven to one hundred eight months. Finally, Defendant's appeal is unlikely to result in him receiving no imprisonment. As Defendant has been released on bond for the duration of his criminal conviction, any potential sentence reduction would not be combined with time served resulting in his immediate release. Thus, Defendant's appeal does not raise a substantial question of law or fact likely to result in reversal, a new trial, a lower sentence, or no imprisonment.

Furthermore, as noted by the Government, because Defendant signed a waiver of appellate rights, Defendant's appeal does not raise a substantial question of law entitling him to release. (Doc. 120 at 2.) "[S]entence appeal waivers, made knowingly and voluntarily, are enforceable." *United States v. Bushert*, 997 F.2d 1343, 1345 (11th Cir. 1993). A "[w]aiver will be enforced if the government demonstrates either: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver." *United States v. Benitez-Zapata*, 131 F.3d 1444, 1446 (11th Cir. 1997). A defendant does not, however, waive his right to appellate review where a district court imposes a sentence "in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." *Bushert*, 997 F.2d at 1351 n.18.

Defendant's appeal is barred by his appeal wavier. Defendant pleaded guilty to count one of the indictment, Conspiracy to Bribe a Public Official, 18 U.S.C. §§ 371–72. (Doc. 61.) Defendant's plea agreement provides in pertinent part:

> Defendant waives any right to appeal the imposition of sentence upon Defendant, including the right to appeal the amount of restitution imposed, if any, except in the event that the District Court imposes a sentence that exceeds the advisory guideline range as that range has been calculated by the District Court at the time of sentencing, or in the event that the District Court imposes a sentence in excess of the statutory maximum.

(*Id.* at 5.) The advisory guideline range for Defendant was calculated to be ninety-seven to one hundred twenty-one months, but it was reduced to sixty months, as that is the maximum term of imprisonment under 18 U.S.C. § 371. (Doc. 91 at 18.) Defendant was sentenced to sixty

months incarceration. (Doc. 104.) Defendant's sentence is therefore neither in excess of the advisory guideline range nor statutory minimum. Moreover, Defendant does not argue, and the record does not reflect, that his appeal waiver was either unknowing or involuntary.[1] Defendant therefore cannot challenge his sentence on these grounds.

To the extent that Defendant argues that the Court's determination that the presentence report improperly counted two points for a prior DUI in calculating Defendants criminal history, even if the Court was in error, the waiver would still bar an appeal on this basis as the sentence imposed would still be below the amended advisory guideline range. Insofar as Defendant argues that his sentence, as compared to those of his co-conspirators, reflects an unwarranted sentencing disparity in violation of 18 U.S.C. § 3553(a)(6), the Eleventh Circuit has rejected this argument, holding that a "[d]isparity between the sentences imposed on codefendants is generally not an appropriate basis for relief on appeal." *United States v. Regueiro*, 240 F.3d 1321, 1325–26 (11th Cir. 2001). This is because adjusting "the sentence of a co-defendant in order to cure an apparently unjustified disparity between defendants in an individual case will simply create another, wholly unwarranted disparity between the defendant receiving the adjustment and all similar offenders in other cases." *United States v. Chotas*, 968 F.2d 1193, 1198 (11th Cir. 1992) (citations omitted). The concern addressed in § 3553(a)(6) is disparities across districts and judges, not among co-defendants in a single case. *See United States v. Boscarino*, 437 F.3d 634, 638 (7th Cir. 2006).

Defendant argues that the Court erred when imposing restitution. Defendant's alleged errors in restitution are barred by his appeal waiver and are frivolous. *See Benitez-Zapata*, 131 F.3d at 1446. First, Defendant argues that his "sentence as to restitution is illegal" because the Court held Defendant liable for $2.6 million. (Doc. 118 ¶ 18.) Despite Defendant's continuous assertions to the contrary, the Court has never held as such. As Defendant's judgment plainly states, Defendant, along with Co-Defendants UST and USTAE, were ordered to pay restitution totaling $870,000, jointly and severally.[2] (Doc. 104 at 6–7.) Defendant next asserts

---

[1] Defendant does not allege that he received ineffective assistance of counsel, and his attorney filed an appeal on his behalf. Therefore, the recent U.S. Supreme Court case regarding the ineffectiveness of appeal waivers is inapplicable here. *See Garza v. Idaho*, 139 S. Ct. 738 (2019).

[2] Pursuant to his plea agreement, Defendant forfeited $20,000 in the Government's custody towards payment of the restitution ordered here. Thus, Defendants' remaining restitution is $850,000.

that this Court "violated the terms of the Plea Agreement" by requiring that 50%—as opposed to 30%—of the gross monthly payments received by USTAE on a promissory note assigned to the Government be paid towards restitution and fines. (Doc. 118 ¶ 14.) As was explained to Defendant during the plea colloquy and again during sentencing, the Court is not a party to the plea agreement nor is the Court bound by its terms. Thus, the Court could not and did not violate the terms of the plea agreement by not accepting its terms. The fact that "the sentencing court is not bound by the parties' agreements or recommendations is well settled" in this circuit. *United States v. Johnson*, 132 F.3d 628, 630 (11th Cir. 1998). Defendant fails to demonstrate how this issue raises a substantial question altering the term of his imprisonment. As such, Defendant has not raised a substantial question of law or fact.

Because Defendant does not meet the criteria for release pending appeal and because Defendant's appeal is barred by his appeal waiver, his appeal cannot be likely to result in reversal, a new trial, a lower sentence, or no imprisonment.

## CONCLUSION

For the reasons stated above, Defendant's Emergency Motion for Release Pending Appeal with Report Date of April 3, 2019 (Docs. 118, 119) is **DENIED**.

**SO ORDERED**, this 1st day of April, 2019.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, JUDGE**
**UNITED STATES DISTRICT COURT**